MURRAY v. NATIONAL BISCUIT CO.

(Supreme Court, Appellate Division, First Department. June 24, 1904.)

1. PLEADING—IRRELEVANT MATTER—INDEPENDENT CONTRACTS.
   In an action for damages for breach of a contract hiring plaintiff's assignor for a certain year, allegations in other paragraphs that defendant had employed plaintiff's assignor by yearly contract for two prior years, and had fulfilled such contracts, related to independent contracts, and should have been stricken out on motion.

Appeal from Special Term, New York County.
Action by John Murray against the National Biscuit Company. From an order denying a motion to strike out certain allegations of the complaint, defendant appeals. Reversed.
Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.
W. H. Van Benschoten, for appellant.
Alfred R. Bunnell, for respondent.

PATTERSON, J. The court below denied a motion to strike out certain paragraphs of the complaint in this action, and from the order made and entered upon such denial the defendant appeals.

This order was erroneously made. The action is distinctly brought for the breach of a contract alleged to have been entered into between the defendant and the plaintiff's assignor on the 1st day of January, 1900, whereby the defendant hired such assignor to perform certain services for the term of one year beginning the 1st of January, 1900,

at a fixed compensation for the year; and then it is alleged that the defendant wrongfully discharged the plaintiff's assignor from his employment on the 1st of August, 1900, whereby damage to the extent of a sum named was sustained. This is a complete, independent, and separate cause of action from anything alleged in the paragraphs of the complaint which it was sought to have expunged from that pleading. Those paragraphs, respectively, contain allegations of absolutely independent contracts. In them it is stated that the plaintiff's assignor was employed in the month of December, 1897, by the defendant, to render services for the term of one year, upon a stipulated compensation, and that the whole of the compensation was paid, and the contract completed and terminated; and again, separately and independently, that on the 1st day of January, 1899, the defendant employed the plaintiff's assignor to render services for the term of one year beginning on the 1st day of January, 1899, and agreed to pay him therefor, and that that contract was fulfilled and completed, and the plaintiff's assignor received full payment thereunder.

Neither of the two contracts which preceded that sued upon here is in any way connected with the real cause of action set out in the complaint. It is not alleged that the third contract was a continuation of employment under prior contracts, giving rise thus to an implication of a contract upon the same terms as those under which the antecedent services were rendered, but they are as distinct from the contract sued on, as it is pleaded, as if those antecedent contracts never existed. There is no reason why the defendant should be embarrassed with these utterly irrelevant and unnecessary allegations, and he certainly cannot be called upon to plead to them, and they have no place in the complaint in connection with the cause of action sued on. If the pleader intended to set forth that the last employment was only a continuation, without express agreement, upon the terms of the other contracts, he has certainly failed to do so; and if, under the facts as they exist, he desires to present such a case to the court, he has his proper remedy by motion.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to strike out granted, with $10 costs. All concur.