EUGENE L. LEZINSKY, Appellant, *v.* ROUBAIX MILLS, INC., Respondent.

First Department, July 2, 1924.

**Pleadings — complaint — causes of action in quantum meruit, for services, for additional services, and for wrongful discharge should be separately stated and numbered — in action on contract of employment to pay bonus of not less than $5,000, allegation of profits made during period of prior contract are immaterial and were properly stricken out.**

In an action by an employee based on *quantum meruit* for services performed prior to his discharge and for additional services performed prior to his discharge and for damages for wrongful discharge, the several causes of action should be separately stated and numbered.

Allegations in the complaint as to the amount of profits the employer made during a prior period are immaterial on the question of the amount of bonus that defendant should have paid the plaintiff, since the contract provided that a bonus should be paid of not less than $5,000 and such allegations are not relevant to the cause of action, and since the determination of the bonus above the minimum amount was left entirely to the discretion of the defendant.

APPEAL by the plaintiff, Eugene L. Lezinsky, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of April, 1924, striking out certain paragraphs of the second amended complaint and directing that the plaintiff separately state and number the causes of action.

*May & Jacobson* [*Isaac N. Jacobson* of counsel], for the appellant.

*Eppstein, Axman & Hirshfield* [*Ira W. Hirshfield* of counsel], for the respondent.

McAVOY, J.:

The learned court at Special Term struck out certain paragraphs of the complaint herein as being immaterial and irrelevant and ordered the plaintiff to separately state and number the causes of action contained in a so-called second cause of action in what is termed in the record a reformed amended complaint. This appeal is from that order.

The second cause of action contains several sets of allegations,

one of which sounds in *quantum meruit* for services performed prior to the discharge.

It contains another alleged cause of action for additional services performed prior to the discharge.

There is also set forth a claim for damages due to a wrongful discharge.

These should be separated as each is a distinct claim.

The court also struck out paragraphs 6 and 7 of the complaint as being irrelevant and immaterial.

By paragraphs 6 and 7 of the reformed amended complaint plaintiff attempted to bring into the controversy an alleged prior contract of employment on the theory that the sum paid thereunder formed a basis for the damage claimed now for failure to pay a bonus.

Any prior arrangement that existed between the plaintiff and the defendant is of no relevancy in this action.

This exact question has been passed upon by the Appellate Division in the First Department in the case of *Murray* v. *National Biscuit Co.* (96 App. Div. 609) where it was said: " Neither of the two contracts which preceded that sued upon here is in any way connected with the real cause of action set out in the complaint. It is not alleged that the third contract was a continuation of employment under prior contracts, giving rise thus to an implication of a contract upon the same terms as those under which the antecedent services were rendered, but they are as distinct from the contract sued on as it is pleaded, as if those antecedent contracts never existed. There is no reason why the defendant should be embarrassed with these utterly irrelevant and unnecessary allegations, and he certainly cannot be called upon to plead to them and they have no place in the complaint in connection with the cause of action sued on. If the pleader intended to set forth that the last employment was only a continuation, without express agreement, upon the terms of the other contracts, he has certainly failed to do so; and, if, under the facts as they exist, he desires to present such a case to the court, he has his proper remedy by motion."

We do not think that under the contract alleged, to pay an additional sum to be determined by defendant but to be not less than $5,000 over plaintiff's salary, allegations as to the amount of profits earned by the defendant during 1922 and 1923 can be of any relevancy or materiality as to what defendant ought to determine to pay in excess of plaintiff's salary, since the determination is left solely to him above $5,000 minimum.

The order should be affirmed, with ten dollars costs and disbursements, with leave to plaintiff to serve a third amended complaint

within twenty days on payment of said costs and ten dollars costs of motion at Special Term.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to serve a third amended complaint within twenty days from service of order upon payment of said costs and ten dollars costs of motion at Special Term.